IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| COREY RICHARDSON, | * |  |
| Petitioner | * | Criminal Action No. RDB-05-0597 |
| v. | * | Civil Action No. RDB-12-1514 |
| UNITED STATES OF AMERICA, | * |  |
| Respondent | * |  |
|  | *** |  |

## ORDER

Pending is Respondent's Answer to the Motion to Vacate alleging the motion is untimely (ECF No. 107).  Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be

unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2004)). To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* The United States Court of Appeals for the Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

Petitioner is therefore on notice that his Motion to Vacate will be dismissed as untimely unless he provides this Court with information that establishes he is either entitled to the benefit of the exceptions provided in 28 U.S.C.§ 2255, or he is entitled to an equitable tolling of the statute of limitations. Petitioner will be provided with 28 days to furnish this information to the Court. Should he fail to do so, his Motion may be dismissed without further notice.

Accordingly, it is this 29th day of April, 2015, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner IS GRANTED 28 days from the date of this Order to provide this Court with further information regarding his entitlement to equitable tolling of the one-year statute of limitation;

2. Petitioner IS FOREWARNED that failure to provide information entitling him to equitable tolling may result in dismissal of his Motion to Vacate without further notice; and

3. The Clerk SHALL PROVIDE a copy of this Order to Petitioner and counsel.

_____/s/_____
RICHARD D. BENNETT
United States District Judge